UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LINDA ORLANDO, *pro se*,                                     :
                                                             :
                       Plaintiff,                        :
                                                             :
                       -against-                        :    **SUMMARY ORDER**
                                                             :    98-cv-3194 (DLI)
STATE OF NEW YORK WORKERS'                                   :
COMPENSATION BOARD, ROBERT B.                                :
WILLIAMS, CARL SOFIA, EILEEN LACY,                           :
WILLIAM KEEGAN, THOMAS R. COYNE,                             :
                                                             :
                       Defendants.                       :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On September 29, 2010, the court denied plaintiff's motion to reopen this case. In a letter dated October 14, 2010, plaintiff asks the court to reconsider the September 29, 2010 Order.[1] For the reasons set forth below, plaintiff's motion is denied.

Civil motions for reconsideration in this district are governed by Local Civil Rule 6.3.[2] "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the

---

[1] In light of plaintiff's *pro se* status, the court will interpret plaintiff's motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

[2] Local Civil Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion." It appears that plaintiff's motion for reconsideration was not timely filed, as it was filed 16 days after the court entered the order denying plaintiff's motion to reopen this case. However, in light of plaintiff's *pro se* status, the court will review the motion on the merits.

1

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348 (S.D.N.Y. Apr. 26, 2010) (internal quotation marks and citation omitted). The requirements of Local Rule 6.3 are "narrowly construed and strictly applied," *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 96 (E.D.N.Y. 2010), "so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued." *Hinds County*, 708 F. Supp. 2d at 369.

Plaintiff has utterly failed to meet this standard. Plaintiff presents no controlling legal authority or any factual matter overlooked by the court. Instead, plaintiff attempts to submit additional evidence in support of her motion. However, a motion for reconsideration may not be used to advance new facts or arguments that were available at the time the original motion was decided. *See Torres v. Carry*, 672 F. Supp. 2d 346, 349 (S.D.N.Y. 2009).

Moreover, the facts plaintiff refers to do not alter the court's conclusion that there is no basis to revisit the judgment entered in this case. Accordingly, plaintiff's motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
      March 2, 2011

                                                    /s/
                                      DORA L. IRIZARRY
                                  United States District Judge